The opinion of the Court was delivered at May term 1823, at Springfield, by
Wilde J.
[After stating the grounds on which the Court *80 thought it reasonable that the petitioner should be permitted to enter her appeal, in conformity with St. 1817, c. 190, § 8, if she could show that justice required a revision of the decree, he proceeded :]
This she attempts by referring us to the grounds on which the decree is founded, which, her counsel have argued, are insufficient in law to sustain it. They contend, that no one interested in the estate is desirous that administration should be granted, and that there is no necessity for incurring such an expense. If this has been made to appear, the decree ought to be reversed.
Generally, administration ought not to be granted, except on the application of some one entitled to administration, or who is interested in the estate to be administered upon. The question then is, whether the respondent is interested in, or has any claim upon, the estate of the deceased. At the time of his decease she had an action against him pending in this Court, founded on the breach of a promise of marriage ; and if this action by law survives, there is good ground for granting letters of administration, whether strictly speaking she is a creditor or not; for in such case justice would require that administration should be granted, so that the action might be prosecuted to final judgment. The principal question, therefore, is, whether such an action by law survives.
The maxim, actio personalis moritur cum persona, decides nothing, for it is admitted that it is not applicable generally to contracts ; and, although it commonly does apply, where the cause of action is a tort, or arises ex delicto, yet in many such cases the tort may be waived, and in an action founded on the principles of civil obligation damages may be recovered for a trespass. Where there is a duty, as well as a wrong, an action will survive against the executor. He is responsible for the debts of the deceased, and for all undertakings and acts that create a debt, as far as there are assets. And it seems to make no difference, whether the debt be certain or uncertain, or whether it arises from a promise express or implied. If the cause of action has been beneficial to the testator, the executor shall be charged. “ Where,” says Lord Mansfield, “besides the crime, property is acquired which *81 benefits the testator, there an action for the value of the property shall survive against the executor ; but if it is a sort of injury by which the offender acquires no gain to himself at the expense of the sufferer, the person injured has only a reparation for the delictum in damages to be assessed by a jury.” Cowp. 376. The distinctioti seems to be between causes of action which affect the estate, and those which affect the person only : the former survive for or against the executor, and the latter die with the person.
According to this distinction, an action for the breach of a promise of márriage would not survive ; for it is a contract merely personal; at least it does not necessarily affect property. The principal ground of damages is disappointed hope ; the injury complained of is violated faith, more resembling in substance deceit and fraud, than a mere common breach of promise. The damages may be, and frequently are, vindictive ; and, if they could be proved against the executor, might render the estate insolvent, to the loss and injury of creditors.
For these and other reasons, it has been settled, in England, that such an action does not survive for an executor. If this was rightly settled, it is decisive, for the law. is unquestionably the same, whichever party may die.
The case of Chamberlain v. Williamson was considered as an action of the first impression ; which shows at least what the law was supposed to be before. This is a consideration o, no small weight, which, joined to the principles and reasoning of that case, is entirely convincing.
The respondent has laid no special damages in her declaratian, and has not averred in her application to the judge of probate that she has sustained any ; if she has any proof to support such an averment, she may apply anew to the judge of probate, and, if administration should be granted, may commence a new action. Whether, in such an action for special damages, she would be allowed to recover full damages, or would be restricted to those which relate to property, we do not now determine.[1]

Decree of judge of probate reversed.

 See Little v. Conant, 2 Pick. 527; Holmes v. Moore, 5 Pick. 257; Stimpson v. Sprague, 6 Greenl. 470.