Neilson, Ch. J. [After stating the facts.]
Section 121 of the Code, under which this application is made, *17 provides that no action shall abate by the death of a party, if the cause of action survive or continue; and that the court may, on motion, allow the action to be continued by or against the representatives.
The question is, whether a cause of action of this peculiar character dies with the person of the defendant, notwithstanding the breach committed in his-lifetime. In the absence of any known judicial determination by the courts of this State, the question is worthy of serious consideration.
Causes of action arising on contracts, strictly so called, survived at the common law ; but the maxim, actio personalis moritur cum persona, applied to claims sounding in damages for wrongs suffered by either party. In its application to causes of action arising for wrongs in respect to property, that maxim was inequitable. It worked out a discharge, by the death of the wrongdoer or of his victim, in many instances in which the courts could not, however strongly favoring an assumpsit, give relief. This consideration, and the consequent disfavor with which that rule was regarded, led to its reformation in England by an equitable course of legislation commencing at an early day. In some of our sister States that rule has been further reformed, and in this State statutes have been enacted from time to time, enlarging the class of causes of action which survive, until the maxim as to personal claims dying with the person, applies only to claims for naked deceits, and for injuries to the person or character (Haight v. Hoyt, 19 N. Y., 464; McKee v. Judd, 12 Id., 622; Yertore v. Wiswall, 16 How. Pr., 8; Smith v. New York & New Haven R. R. Co., 16 Id., 277; Fried v. New York Central R. R. Co., 25 Id., 285; Elder v. Bogardus, Hill & Den. Supp., 116: Dininny v. Fay, 38 Barb., 18.)
The theory is that, as the personal representatives, take as assignees of the deceased, the causes of action *18 which survive are such as may be considered credits, rights or interests in the nature of property, capable of being transferred. Where the party injured may have his action against the executors or administrators, the claim arises from some affirmative wrong, breach or neglect of duty in respect to property by the deceased. The principle favoring the liability and reparation is the same whether the action be by or against the personal representatives (38 Barb., p. 21 of op.; 19 N. Y., 464).
But none of those remedial statutes provide for continuing a claim or reviving an action for damages for wounded pride or mental pain or suffering. Ho well-considered case in the books, English or American, no respectable dictum, favors such an innovation. The line of demarcation between such claims and those which.have to do with property is clearly defined, has been consistently observed. As illustrative of this view, the argument in favor of the assignability of the claim for which by statute the personal representative of the deceased may have an action where the death was caused by a wrongful act, neglect or default, has been predicated upon the fact that the recovery is limited to the pecuniary loss—damages recognized as property (16 How. Pr., 8; 15 N. Y., 432). In the latter case Judge Comstock, in supporting the right to assign such a claim, and in answering the strongest objection that could be made to such right, says: “ Neither the personal wrong nor outrage to the decedent, nor the pain and suffering he may have endured, are to be taken into the account.” If we could thus eliminate the claim for a breach of promise of marriage, nothing tending to support an action would remain.
The Massachusetts statute of 1842 (ch. 89, § 1), furnishes an instance of extreme legislation. It provides that the action of trespass on the case for damages to the person shall survive. But that statute has received *19 a clear interpretation. It has been held that it extends only to damages for injuries of a physical character (1 Cush., 412; 4 Id., 408). Thus construed, the idea of redress for claims affecting property is not lost sight of. It may have been considered that one upon whom a personal injury is inflicted suffers in his estate. It is to be hoped that a like provision will be incorporated in our statutes now being revised.
With us, marriage, “ so far as its validity in law is concerned,” is a civil contract (3 Rev. Stat., 5 ed. p. 227, § 1). The engagement, or promise of marriage, is of course, a mere contract. But such contracts, the one consummated, the other executory, are in many respects unlike other contracts. Thus in the former condition the relation can not be dissolved by the act of the parties (4 N. Y., 230) ; and the legislature in authorizing its dissolution does not violate the constitutional provision which prohibits laws impairing the obligation of contracts (White v. White, 5 Barb., 474). In the latter condition the property of the party in default cannot be attached under that provision of the code which gives such a remedy against a contractor (1 Lans. 268) ; and the grounds of defense on the trial of the action for the breach of the promise, and some of the elements affecting the question of damages, are not known to other cases on contracts (5 Abb. Pr. N. S., 29).
In Homan v. Earle, an action for a breach of promise of marriage tried in this court (reported 13 Abb. Pr. N. S., 402), and at its last term affirmed by the court appeals, I said in my charge to the jury that “cases of this kind in their first view and progress are regarded simply as matters of contract, but in respect to the question of damages, the character of the action changes, it takes to itself the peculiarities and elements of a personal injury, and that gives greater freedom and latitude in fixing the damages.”
*20 As to the measure of damages, this action has always been classed with actions of tort (Per Earl, J., 42 N. Y., p. 277 of op.) ; the indignity, contumely, mental agony, and the disgrace may enhance the damages (Per Allen, J., 24 N. Y., 252).
It is apparent that, as this action has relation to a contract, also to a wrong, some attention to both branches of the law and to the statutory modification of the common law is called for in considering this application. It is, on the whole, equally apparent that the engagement to marry is to be distinguished from other contracts ; that in its nature, and in the sense of our statutes, it has no relation to property, and that a cause of action for the breach of the promise does not survive, or, using a correlative term, is not assignable. The promise of marriage is merely personal; the action for the breach of it seeks redress for disappointed hopes, wounded pride, humiliation, for the loss of coveted society and protection; it may be for the loss of happiness.
In Hodgman v. Western Railroad Corporation (7 How. Pr., p. 494 of op.), Mr. Justice Harris took • occasion to say, by way of illustration, that a cause of action for a breach of promise of marriage can not be transferred. Mr. Parsons accepts the rule that the action does not survive against the administrator of the promiser (2 Con., p. 70). The late Judge Drnio, would seem to have entertained the like opinion (13 N. Y., 333). It is also worthy of notice that the commissioners, in their proposed revision of our statutes, expressly include the cause of action for such breach of promise among claims for wrongs not assignable.
But, while this has been regarded as an open ques-. tion with us, it has been determined in England and in some of our sister States with special reference to the *21 nature of the engagement and of the remedy, and upon principles applicable to our statutes.
In Chamberlain v. Williamson (2 Maule & S., 408), the plaintiff had a verdict, but judgment was arrested, on the ground that the claim did not pass to the personal representative. Lord Ellenboroggh held that the cause of action which the plaintiff’s intestate had for the defendant’s breach of promise of marriage, could not be considered as an increase of the individual transmissible estate.
In Stebbins v. Palmer (18 Mass., 71), the action was by Julia Palmer against Benjamin Stebbins for breach of promise of marriage, and Stebbins having departed this life, she, claiming to be a creditor with an interest in the estate, sought to have administration. Letters were granted by the judge of probate. The question was whether the applicant had a suit pending upon a cause of action which by law survived, or a demand in the nature of a debt. It was held that she had not, and the probate decree was reversed.
Smith v. Sherman (58 Mass., 408), a like action, presented the same question, and the decree of the judge of probate, granting letters, was reversed. In this case the determination of the court in Stebbins Palmer was approved. In each case the general doctrine was fully considered, and the conclusion reached that the claim for the wrong suffered from the defendant’ s breach of the promise did not survive.
In Lattimore v. Simmons (13 Serg. & R., 184), the defendant, Rogers, having died, his executors were substituted, and on the trial-the plaintiff had a verdict. The principal error assigned, or exception taken, was as to the cause of action having died with the defendant. In delivering the opinion of the court reversing the judgment, Chief Justice Tilghman said: " No benefit accrued to the the estate of Rogers by the mutual promises in this -case. Beither had the plain *22 tiff any interest of the nature of property after the breach of promise, although she had a right of action.”
The point was noticed in Moore v. Jones (23 Vt., 739), a case in bankruptcy, the question being on the construction of the act of Congress as to the property or effects of the bankrupt which, being assignable, would pass to the assignee. Judge Prentiss says that “While the act does not extend’to rights of a mere personal nature, as claims for damages arising out of a breach of promise to marry, or out of personal torts and injuries, it comprehends every right and interest, and every right of action founded on or growing out of property.” This case, though not an authority on the question before me, is of interest as illustrating the consistency with which the distinction between causes of action strictly personal and claims which have some relation to property has been observed.
The application must be denied.