## BOND v. SMITH.

*Action — for fraud in obtaining money does not abate on death of wrong-doer.*
*Practice — severance of action.*

An action to recover damages caused by fraudulent representations of defendant concerning a corporation, whereby plaintiff was induced to invest therein, *held,* to be within the provisions of 2 R. S. 474, § 1, and not to abate by the death of defendant.

During the pendency of such an action against T. and others, T. died. *Held,* that an order reviving such action by making the executors of T. parties in his stead, and continuing it as a separate action against them was proper.

APPEAL by defendants from an order at the special term reviving an action against the executors of a deceased defendant and directing it to be severed as between the executors and the other defendants thereto, and to proceed as two separate actions.

The action was brought by Frank S. Bond against Samuel B. Smith and others, to recover damages caused by the false representations of the various defendants, whereby plaintiff was induced to purchase 1,000 shares of the capital stock of an iron company. Pending the trial of the suit William D. Thompson, one of the defendants, died. The executors appointed under his last will duly qualified, after which this order was made.

From such order an appeal was taken by said executors, and one also by the surviving defendants.

*John E. Burrill,* for appellants.

*Charles M. Da Costa,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The action was brought to recover damages claimed to have been caused by fraudulent representations concerning the Clifton Iron Company, by means of which the plaintiff was induced to purchase 1,000 shares of its capital stock. The defendant, William D. Thompson, departed this life during its pendency, and the order appealed from revived it by making his executors parties in his stead, and directed its continuance as a separate action as to them.

By the statute actions for wrongs to the property, rights, or interests of another may be maintained against the executors or administrators of a deceased wrong-doer, where they are not brought for slander, libel, assault and battery, false imprisonment, or on the case for injuries to the person of the plaintiff, or of the testator, or intestate, of any executor or administrator. 2 R. S. 447, §§ 1, 2. This action was not within the exception made to the general provision contained in the first section of the statute, and for that reason it did not absolutely abate by the death of the defendant. *Haight* v. *Hayt*, 19 N. Y. 464; *Byxbie* v. *Wood*, 24 id. 607, 612; *Graves* v. *Spier*, 58 Barb. 349, 385; *Heinmuller* v. *Gray*, 13 Abb. (N. S.) 299. The order for the revivor and continuance of the action against the executors of the deceased defendant was in all respects right and proper.

It further provided for the division or separation of the action, and for its subsequent prosecution as two actions, one against the surviving defendants, and the other against the personal representatives of the deceased defendant, and as the action was for a tort, for which the defendants were separately, as well as jointly, liable, this portion of the order was well warranted by authority. *Union Bank* v. *Mott*, 27 N. Y. 633; *Gardner* v. *Walker*, 22 How. 405; *McVean* v. *Scott*, 46 Barb. 379; *Heinmuller* v. *Gray*, 13 Abb. (N. S.) 300; *Arthur* v. *Griswold*, Court of Appeals MSS.

At the time of Thompson's decease, the plaintiff had been partially examined as a witness on his own behalf before the referee to whom the action had been referred. But the examination was then incomplete. The order provided that every act and proceeding done or taken in the case previous to his decease should be valid and of like force and effect, in each of the separate actions, as if they had been separately brought and prosecuted. The learned counsel for the appellants expressed the apprehension that this might have the effect of preventing the executors from moving to strike out such portions of the evidence given by the plaintiff as he would not be competent to give against them in their representative capacity. The order is so broad in this respect that the apprehension may be warranted by its probable effect. In this respect, it should be modified by the addition of a provision declaring it to be without prejudice to such a motion; and that will leave the referee at full liberty to dispose of the application, if it should be made, without the least restraint or embarrassment arising out

of the effect of the order. In other respects, the order seems to be in proper form, and well warranted by authority. *Moore* v. *Hamilton*, 44 N. Y. 666.

With the modification already suggested, the order should be affirmed, with $10 costs, besides disbursements, to abide the event of the action.

*Ordered accordingly.*