PETER GROTH, Appellant, v. THOMAS J. WASHBURN, Respondent.

*Statute of limitation—an action by a husband to recover damages for injury sustained by his wife is governed by the six years' limitation—Code of Civil Procedure, sec. 382.*

An action by a husband to recover damages sustained in consequence of injuries inflicted upon his wife by the defendant's negligence, where such damages consist in the loss of the services of the wife, and of moneys expended for necessary medical aid and attendance upon her during her illness and in employing other persons to render the services which she had therefore performed, is an action to recover damages for an injury to property, and not for a personal injury, and it may, therefore, be brought within six years from the time it arises, as provided in section 382 of the Code of Civil Procedure.

Appeal from a judgment dismissing the complaint, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*J. H. Whittlegge*, for the appellant.

*Thornton, Earle & Kiendl*, for the respondent.

Brady, J.:

This action was brought to recover damages sustained by the plaintiff in consequence of injuries inflicted upon his wife through the carelessness of the defendant's servant, such damages arising from the loss of the services of his wife, moneys expended for necessary medical aid and attendance upon her during her illness,

and for expenditures in the employment of one or more persons to do the service which she did for him. The action was not commenced until the expiration of more than three years from the time the plaintiff's wife received the injuries which form the basis of his demand. Upon the trial such fact being conceded, and the statute of limitations having been set up as a defense, the learned justice presiding at the circuit dismissed the complaint and directed a verdict for the defendant, upon the ground that the action should have been brought within three years, as required by the provisions of section 383 of the Code of Civil Procedure. In this disposition of the case it is thought an error was committed.

This is not an action to recover for a personal injury. It is one to recover damages for an injury to property, and is controlled, therefore, by the provisions of section 382, which prescribes the time for the commencement of such an action as six years. The respondent is not assisted, in the effort to establish a different view of the question presented, by reference to subdivision 9 of section 3343 of the Code, and by which the personal injury is said to include libel, slander, criminal conversation, seduction and malicious prosecution, also an assault and battery, false imprisonment or other actionable injury to the person either of the plaintiff or another, and for the very palpable reason that this is not an action to recover for injuries to the person either of the plaintiff or another. The personal injury sustained by the wife of the plaintiff was one for which she could maintain an action. Here a personal injury is stated as an element only of the plaintiff's case, and by which damages resulted to which the plaintiff was subjected. He is, in other words, in this action not to be compensated for the personal suffering of his wife, or for any loss occasioned to her by diminution of her capacity in any respect, or any disability created by the effect of the injury sustained upon her health, which would necessarily enter into the composition of an award of damages for the personal injury contemplated by the Code, not only in reference to the three-year limitation, but the ninth subdivision of section 3343. The plaintiff seeks to recover for the result of an injury upon his rights, interests and property. For the personal injury the action would not survive, but the plaintiff's action is one which would survive. The following cases illustrate the distinction which is

here drawn, and establish the right of the plaintiff to recover in this action if he shall establish the facts alleged in his complaint: *Cregin* v. *Brooklyn Crosstown Railroad Company* (19 Hun, 342); *Woodward* v. *Washburn* (3 Denio, 369); *Fried* v. *New York Central Railroad Company* (25 How., 285); *Haight* v. *Hayt* (19 N. Y., 464); *Cregin* v. *Brooklyn Crosstown Railroad Company* (*supra;* in Court of Appeals, 75 N. Y., 192); *Scott* v. *Brown* (24 Hun, 620 [in this department]).

For these reasons the judgment should be reversed and a new trial granted, with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.