JAMES J. VICTORY, Appellant, v. JULIA KRAUSS and WILLIAM F. PITSCHKE, as Executors, etc., of JULIUS PITSCHKE, Deceased, Respondents.

*Action for injuries resulting from a landlord's knowingly letting unhealthy tenements — it does not survive the death of the landlord — Code of Civil Procedure, sec. 3343, sub. 9.*

The complaint in this action alleged that while the plaintiff was a tenant of the defendants' testator, three of the plaintiff's children sickened and one of them died by reason of the defective construction of the tenement, which caused deleterious gases to permeate the house and to penetrate the apartments of the plaintiff; that the defendants' testator negligently suffered the premises to become in such a condition as to be dangerous to life and detrimental to health, and negligently rented the same to the plaintiff without informing him of their dangerous and unhealthy condition.

*Held,* that assuming that the plaintiff had originally a good cause of action against the testator, yet it was an action for "an injury to the person, either of the plaintiff or of another," within the meaning of subdivision 9 of section 3343 of the Code of Civil Procedure, and was not maintainable against his personal representatives.

*Hegerich* v. *Keddie* (99 N. Y., 258); *Moriorty* v. *Bartlett* (Id., 651) followed.

Appeal from a judgment in favor of the defendants and from an order of the Special Term sustaining the demurrer of the defendants, interposed upon the ground that the complaint does. not state facts sufficient to constitute a cause of action.

*Louis F. Post,* for the appellant.

*James M. Fitzsimons,* for the respondents.

Macomber, J.:

At the time the plaintiff was a tenant of the defendants' testator, one Pitschke, three of his children sickened and one of them died, as is alleged in the complaint, by reason of the defective construction of a tenement, by which deleterious gases permeated the house and penetrated the apartments of the plaintiff. The charge against the defendants' testator is, that he negligently suffered the premises to become in that condition and negligently rented the same to the plaintiff, without informing him of their dangerous and unhealthy condition.

By the demurrer two questions are presented for our consideration, the first of which is, whether the cause of action, admitting that there was one originally against the landlord, survives and is maintainable against his personal representatives. If that is decided against the plaintiff, it will not be necessary to consider any other question which has been the subject of argument by counsel.

The cause of action comes under the head of personal injury, as defined by subdivision 9 of section 3343 of the Code of Civil Procedure, as it is an " injury to the person, either of the plaintiff or of another." One of the most comprehensive rules in determining the question whether or not the cause of action survives in favor of, or against, personal representatives is its assignability. It is the guide for determining for what injuries executors can be sued, as well as for what injuries they can maintain an action. Section 1910 of the Code of Civil Procedure excepts out of the category of matters that may be assigned causes of action to recover damages for personal injury, and places them on the same basis as a breach of promise of marriage. Two recent cases in the Court of Appeals have finally and completely settled this question in accordance with the plain language of the Code, namely, the cases of *Hegerich* v. *Keddie* (99 N. Y., 258) and *Moriorty* v. *Bartlett* (Id., 651), and these render any extended discussion of the question quite superfluous.

The judgment is affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.