Bt the Cohet.—Freedman, J.
This action was brought under the statute against Jesse A. Marshall and William H. Wilkins, as co-partners, to recover damages alleged to have been sustained by plaintiff by reason of the death of her infant son which was caused by the alleged negligence of the driver of one of the defendants’ stages. After issue joined, and before trial, Marshall died, and the action was continued against Wilkins as the survivor of the firm. There were two trials of the issues. At the first trial, had in November, 1884, the jury disagreed. At the second trial, had in January, 1885, the plaintiff was nonsuited, and judgment was thereupon entered dismissing plaintiff’s complaint. From this judgment plaintiff appealed to the general term, but before her appeal could be argued, and indeed before the proposed case and the amendments thereto were settled, Wilkins, then the sole surviving defendant, died. This occurred in January, 1886.
Under the decision of the court of appeals in Hegerich v. Keddie (99 N. Y. 258), it must be held that, upon Wilkins’ death, the cause of action given by the-statute (Ch. 450 Laws 1847; Code Civ. Proc. § 1902), to the plaintiff for the death of her infant son, abated, unless it was saved by section 764 of the Code of Civil Procedure.
That section reads as follows, viz.: “ After verdict, report, or decision, in an action to recover damages for a personal inj ury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives.”
The learned judge who made the order appealed from, seems to have conceded the effect of the authority of Hegerich v. Keddie (supra), to be, that plaintiff’s cause of action did not survive the death of Wilkins, but he decided, nevertheless, that under § 764 the action has not abated. This decision cannot be sustained.
In Kelsey v. Jewett (34 Hun, 11), the general term of the supreme court of the fifth department, said: *149 “In our opinion, if a verdict for a personal injury is set aside, then the cause of action abates if the plaintiff dies before another trial is had, and the sole purpose intended to be accomplished by the provisions of § 764 is to save the estate of a deceased party the verdict, report or decision, which may have been rendered in his favor before his death. After a verdict or decision has been set aside as void or erroneous, the case stand t the same as if none had been rendered, the issues being untried and undetermined.”
This was said in a carefully considered opinion, and after a full examination I can perceive of no reason why this court should come to a different conclusion. From this it follows that if the construction of § 764 adopted in Kelsey v. Jewett was correct upon the facts of that case, the plaintiff in this case was bound to show that, at the time of the death of Wilkins, there was remaining in force a verdict or decision in her favor. This she did not do. On the contrary, the only thing she did show, was a decision against her.
The order appealed from should therefore be reversed with ten dollars costs and disbursements, and the motion for the continuance of the action denied with ten dollars costs.
Sedgwick, Ch. J., concurred. '