In the Matter of the Distribution of the Proceeds Received by ELLA B. STRONG, Executrix, etc., of ANNA M. DEGARAMO, Deceased, in the Settlement of an Action against THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY for Causing the Death by Negligence of Said Deceased.

WILLIAM DEGARAMO, Appellant; DANIEL JOHNSON and Others, Respondents.

*Negligence — death in another State — recovery purely statutory — under what law distributed — comity — divorce in another State — its effect.*

At common law no cause of action was given to the executor or administrator of a deceased person where death was caused by negligence, and the right to recover in such a case is purely statutory.

Where a person is killed in a railroad accident occurring in the State of Ohio, and a statute of that State gives to certain persons a right to recover damages for such death, any moneys paid in settlement of the claim are to be distributed in our courts according to the terms of the Ohio statute. (MERWIN, J., dissenting.)

Where such decedent, although a resident of another State (but not of Ohio), leaves personal property in the State of New York, and her will is proved in the latter State, and in the proceedings under such will an attempt is made to distribute the proceeds of the death claim, distribution must be made in compliance with the Ohio statute. (MERWIN, J., dissenting.)

It is only by virtue of the statute of Ohio and of the fact that a similar statute exists in this State that such a claim can be enforced here; the right to enforce it in a State, other than that in which a person is killed, being based upon the principle of comity.

A claim of this nature is not a part of the general assets of the estate of the deceased person. It is to be collected by the personal representative of the deceased only as a trustee for the persons who, under the statute, are entitled to it.

A divorce obtained in another State against a citizen of the State of New York, in an action where there was no personal service of process within the former State and no personal appearance in the action by the defendant, is void in the State of New York, and does not change the status of the defendant in the jurisdiction of the State of New York.

APPEAL by William Degaramo, husband of Anna M. Degaramo, deceased, from a decree of the Surrogate's Court of Tompkins county, entered in said court on the 2d day of August, 1894, directing the payment by Ella B. Strong, as executrix of Anna M. Degaramo, of a sum of money received by the executrix in settlement of a cause of action given her by the statutes of the State of Ohio against the New York, Lake Erie and Western Railroad Company by reason of that company having negligently caused the death of Anna M. Degaramo, to the brothers and sisters of the latter, as her only next of kin.

The statutes of Ohio relative to the recovery allowed the executrix are as follows :

### ACTION FOR INJURY BY WRONGFUL DEATH.

"(Right of action given to representatives for causing death.) Sec. 6134. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof; then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to murder in the first or second degree, or manslaughter. (Revised Statutes of Ohio [6th ed.], vol. 2.)

"(For whose benefit and by whom brought; limit of damages; personal representative of decedent may settle case after suit is commenced.)     Sec. 6135. Every such action shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought. Every such action shall be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this State, with the consent of the court making such appointment, may, at any time, before or after the commencement of a

suit, settle with the defendant the amount to be paid, and the amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment, in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates, left by persons dying intestate."

The provisions of the Code of Civil Procedure of the State of New York in this regard are found at section 1902 *et seq.*

The accident which resulted in the death of Anna M. Degaramo occurred in the State of Ohio on September 30, 1891, and she died from her injuries at Kent, Ohio, on October 3, 1891.

*H. Austin Clark* and *Theo. R. Tuthill*, for the appellant.

*Howard J. Mead*, for the respondents.

MARTIN, J. :

The fund which was distributed by the decree from which this appeal is taken was received by Ella G. Strong, the executrix of Anna M. Degaramo, deceased, in settlement of a claim against the New York, Lake Erie and Western Railroad Company for causing the death of the decedent by its negligence. The executrix was a resident of Tioga county, N. Y. The decedent died leaving personal property within the county of Tompkins, and leaving a last will and testament which was duly admitted to probate by the surrogate of that county on the 14th day of December, 1891, and letters testamentary were thereupon issued to Ella G. Strong as such executrix.

The decedent at the time of her death was a resident of the State of Michigan. She died in the State of Ohio on the 3d day of October, 1891. Subsequently to the issuing of letters testamentary by the Surrogate's Court of Tompkins county, ancillary letters testamentary were issued to the executrix by the Probate Court of one of the counties in the State of Ohio. On January 28, 1892, the Surrogate's Court of Tompkins county made an order authorizing the executrix to settle or compromise such claim or cause of action against the railroad company, and subsequently she settled it for $1,000, and received that sum on such settlement. The expenses incurred in, and allowed by the surrogate for, settling and com-

promising such claim was the sum of $216.58.  The surrogate also allowed the executrix $50 for her commissions, leaving $733.42 to be distributed to the parties entitled to it.  The question presented by this appeal is whether the brothers and sisters of the decedent, who were her heirs at law and next of kin, were entitled to have this fund distributed among them, or, whether, as claimed by the appellant, it should have been paid over to William Degaramo, who was the husband of the decedent.

The decedent and William Degaramo were married in the State of New York more than ten years prior to the 3d of October, 1891. Since such marriage the husband has remained a resident of the State of New York.  After the marriage the decedent went to the State of Michigan, and continued a resident of that State until the time of her death.  Under the laws of that State she obtained a divorce from her husband upon grounds which would not have been sufficient to authorize a divorce in this State.  The husband did not appear in that action, and no process therein of any kind was ever personally served upon him.  No action for a divorce was ever brought in this State.

On the trial it was conceded that the law of the State of Michigan and of the State of Ohio gave the fund in question to the husband of the decedent if she died leaving one, but if she had no husband at the time of her death, then, as the decedent died leaving no descendant or representative of any descendant surviving her, the fund would go to her brothers and sisters.  If, therefore, she had no husband, the decree was proper, and should be affirmed ; otherwise, it should be reversed.  To determine this question it becomes necessary to consider the effect of the divorce granted to the decedent in the State of Michigan.

It must be regarded as settled in this State that a divorce obtained as this was did not in any way change the status of the defendant in this State.  While another State may adjudge the status of its own citizens towards a non-resident, and other States must acquiesce so long as the operation of the judgment is confined to the State in which it was granted, still it cannot extend beyond the borders of that State to subvert the laws and policy of another State, nor without his consent and against his will, fix upon a resident of another State a status in hostility to the laws of the State wherein

he resides.    The contract of marriage cannot be annulled by judicial action, so as to bind a defendant without the limits of the State in which it is granted, unless the court awarding such judgment acquires jurisdiction of the defendant.    And where, as in this case, there has been no personal service of process within the State where the judgment is rendered, and there is no personal appearance by the defendant, a judgment of divorce is inoperative and void in this State.    (*The People* v. *Baker*, 76 N. Y. 78; *O'Dea* v. *O'Dea*, 101 id. 23; *Jones* v. *Jones*, 108 id. 415; *de Meli* v. *de Meli*, 120 id. 485; *Rigney* v. *Rigney*, 127 id. 408; *Williams* v. *Williams*, 130 id. 193.)    From the doctrine of these authorities, it follows, we think, that William Degaramo was the lawful husband of the decedent in this State, and in any other jurisdiction than the State of Michigan.

This leads us to the consideration of the question whether this fund should have been distributed in accordance with the laws of the State of New York, where the proceeding was instituted ; under the laws of the State of Michigan, where the decedent resided at the time of her death ; or under the laws of the State of Ohio, by which the right of action was given.

By common law the plaintiff had no cause of action, claim or right of recovery for the killing of her decedent.    It is only by force of some statute that her claim or right of recovery existed. No such right of recovery existed under the statutes of either the State of Michigan or the State of New York, as the statutes of those States could not operate extra-territorially.    Therefore, it was only under and by virtue of the statutes of the State of Ohio, and of the fact that there is a similar statute in this State, that the liability of the railroad company could be enforced here.    The right to enforce such a liability in a State other than that in which the person is killed, is based upon the principle of comity due by one State or country to another under similar circumstances.    (*Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48.)

Although such a right of action could be enforced in this State, the right to be enforced was only that given by the statute of Ohio: The statute of that State (§§ 6134, 6135, R. S.), so far as it gives a right of action for negligently or wrongfully killing a person, is in all its essential particulars like the statute of this State.    As that

statute expressly awards to the husband of the decedent the benefit of such a claim or cause of action, and as the rights of recovery and distribution are controlled by the statute of the State of Ohio, it follows that the appellant being the husband of the decedent, except as to his status in the State of Michigan, is entitled to the fund in question.

The contention of the respondents that this fund was a part of the assets of the estate of the decedent, and, consequently, should be distributed in accordance with the laws of the State of Michigan where she resided, cannot be sustained. In *Steel* v. *Kurtz* (28 Ohio St. 191), an action to recover damages for causing death by the wrongful act or negligence of the defendant, which was brought under a former statute of that State, it was held that the money realized from such an action was not to be treated as a part of the general estate of the intestate, but that the personal representative in whose name the action was brought was a trustee of the fund and must distribute the proceeds according to the provisions of the statute. In *Hegerich* v. *Keddie* (99 N. Y. 258, 268) it was, in effect, said that the cause of action given by such a statute is not to the estate of the deceased person, but to his or her representatives as trustees, not for the purposes of general administration, but for the exclusive use of the beneficiaries specified in the statute, citing *Dickins* v. *N. Y. Cent. R. R. Co.* (23 N. Y. 158); *Yertore* v. *Wilwall*, (16 How. Pr. 8). The doctrine of that case was also recognized in *Wooden* v. *W. N. Y. & P. R. R. Co.* (126 N. Y. 10, 15) and in *Dennick* v. *Railroad Co.* (103 U. S. 11, 20).

These considerations lead us to the conclusion that the learned Surrogate's Court erred in holding that the fund in question was to be distributed according to the law of the State of Michigan, and in directing a distribution of the same among the next of kin of the decedent.

The decree of the Surrogate's Court should be reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., concurred.

MERWIN, J. (dissenting):

The question whether, within the meaning of the Ohio statute, the decedent left a husband, should, I think, be determined accord-

ing to the law of the residence of the decedent, in analogy to the rule applicable to the distribution of personal estates left by persons dying intestate. (Ohio Rev. Statutes, § 6135; 2 Kent's Com. § 429; 2 Williams' Executors [6th Am. ed.], 1625; Redfield's Surr. Pr. [5th ed.] 651, 652, and cases cited.) This was the course followed in the court below, and the decree should, I think, be affirmed.

Decree of the Surrogate's Court reversed and a new trial ordered, with costs to abide the event.