JENNIE THORPE and GEORGE THORPE, CHARLES E. THORPE, ALICE THORPE and MARGARET THORPE, by JENNIE THORPE, their Guardian *ad litem,* Appellants, v. UNION PACIFIC COAL COMPANY, a Corporation, Respondent.

No. 1334.  (68 Pac. 145).

Negligence: Death: Action: Foreign State: Parties Plaintiff: Remedy: What Law Governs.

An action in Utah for the negligent death of a person in Wyoming must be brought in the name of the personal representative of the deceased, as required by Wyoming Revised Statutes, sections 3448, 3449, giving a right of action for negligent death, and not by the heirs of such person in their own names, as permitted by Utah Revised Statutes, section 2912, the question of who may sue being a matter of right, and not of remedy

merely, and the court not being able to determine, if the latter practice is followed, whether all the beneficiaries entitled to the amount to be recovered are before the court.

(Decided March. 27, 1902.)

Appeal from the Second District Court, Weber County.— *Hon. H. H. Rolapp*, Judge.

Action for the death of Charles H. Thorpe, by his heirs, against the defendant, a Wyoming corporation. From a judgment sustaining a demurrer to the complaint, the plaintiffs appealed.

AFFIRMED.

*W. L. Maginnis, 'Esq.*, and *D. A. Reaville, Esq.* for appellants.

The main contention made and the one supported by the court below is this; that the statute òf Wyoming giving the right of action provides that the suit shall be brought by the personal representative and the proceeds distributed as the personal estate of the deceased, whilst this action is brought by the heirs at law of said deceased. Our statute (section 2912, R. S.) provides: "When the death of a person not a minor is caused by the wrongful act or neglect of another his heirs or personal representatives may maintain an action for damages against the person causing the death," etc.

There seems to be some contrariety of opinion between the courts as to whether the portion of these statutes designating the person by whom action is to be brought is a part of the right and therefore to be followed in whatever forum in which the suit may be brought or whether it is only a part of the remedy and therefore to be governed by the law of the forum but it seems to us that the better authority is to the latter

effect.    Majors v. Cowell, 51 Cal. 478.    "The Highland Light," 12 Fed. 6477; Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445; Texas Pacific Ry. v. Cox, 145 U. S. 593.

In the case of Sheridan v. Southern Pacific Company, Judge Marshall, in the circuit court of the United States for this district, decided this question in the same way. In that case the death occurred in Nevada but the Nevada statute is almost identical with the statute of Wyoming and is so in the particular we are considering. Judge Marshall's opinion is on file in the clerk's office but not reported.

*Le Grand Young, Esq.*, and *A. W. Agee, Esq.*, for respondent.

BARTCH, J.—Charles H. Thorpe was killed by an accident in the defendant's coal mine in the State of Wyoming under circumstances of negligence on the part of the defendant company, as we must assume for the purposes of this decision, for which an action would lie in that State. The plaintiffs are the alleged heirs at law of the deceased. Jennie Thorpe, the widow, before the commencement of the action, was appointed guardian *ad litem* of the other plaintiffs, minor children of the deceased. The suit was brought in the district court of Weber county, in this State, and thereupon the defendant interposed a demurrer to the complaint upon the ground, *inter alia*, that "said defendant is a non-resident of the State of Utah, and that said plaintiff is not the personal representative of the deceased, Charles H. Thorpe, her husband." The demurrer was sustained, and, as a result, the decisive question on this appeal is whether the heirs of the deceased had the right to bring the suit in this State, the accident having occurred in Wyoming, where the action, in such cases, must be brought in the name of the personal representative. If the deceased had been but injured through negligence of the defendant, he would even in the absence of a statute on the subject have

had a right of action.    Having been killed, however, his right
of action ended with his life.    Such was the universal rule at
common law until a right was created by statute in favor of
the heirs or next of kin to have redress for the wrong.    In
this, it appears, most of the states of the Union have followed
what is commonly known as "Lord Campbell's Act" (9 & 10
Vict. c. 93).    The right of action, then, in such a case, is not
one that survives the death of the person, but one that is
purely statutory.    In pleading the statute of Wyoming the
plaintiffs recognized this, and also the fact that, if they could
recover at all, they must recover under the laws of that State,
since the cause of action arose there.    Section 3448, Revised
Statutes of Wyoming, provides:    "Whenever the death of a
person shall be caused by the wrongful act, neglect or default,
and the act, neglect or default is such as would (if death had
not ensued) have entitled the party injured to maintain an
action to recover damages in respect thereof, then, and in
every such case, the person who, or the corporation which,
would have been liable if death had not ensued, shall be liable
to an action for damages, notwithstanding the death of the
person injured, and although the death shall have been caused
under such circumstances as amount in law to murder in the
first or second degree, or manslaughter."    This section is in
derogation of the common law, and creates a liability for dam-
ages on the part of a person or corporation through whose
negligence, default, or wrongful act, a person has been killed.
Section 3449, Revised Statutes Wyoming, reads:    "Every
such action shall be brought by, and in the name of, the per-
sonal representative of such deceased person; and the amount
recovered in every such action shall be distributed to the
parties and in the proportions provided by law, in relation to
the distribution of personal estates left by persons dying intes-
tate.    In every such case, the jury shall give such damages
as they shall deem fair and just, not exceeding five thousand
dollars, and the amount so recovered shall not be subject to

any debts or liabilities of the deceased: provided, that every such action shall be commenced within two years after the death of such deceased person." This section, as will be observed, confers the right to bring the action authorized to be maintained by the first section quoted expressly and exclusively upon "the personal representative" of the deceased person. The language employed by the Legislature is clear, unequivocal, and mandatory, and would seem to leave little room for construction. The two sections are closely interwoven. Neither would furnish a complete remedy without the other. Neither one standing alone would be operative. It is sought, however, to escape this conclusion by insisting that the second section quoted relates only to the remedy, and that, therefore, since the statute of Utah is in most respects similar to that of the foreign State, the action could be brought under our statute, which, in section 2912, Revised Statutes 1898, provides that: "When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just." Here, as will be noticed, the heirs of the deceased person are given the right to sue, and the appellant's contention amounts to this; that the courts of Utah may disregard the section of the foreign statute, and proceed under the *lex fori,* and administer the laws of the *lex loci.* There is no question that the action is transitory, or that it may be sustained by the courts of this State, if they acquire jurisdiction of the defendant. As a matter of comity, the statutes of one State, although not of extraterritorial force, will be recognized in proper proceedings by the courts of another. Comity will enforce rights regardless of where they arise, or whether of statutory or common-law origin, when not

local in their nature, and not in contravention of the policy of the government of the tribunal. Comity, however, does not permit the courts of one State to disregard one provision of a statute of a foreign State whose language is unambiguous and its directions mandatory, for the purpose of enforcing another provision of the same statute under the procedure of the *lex fori*. When the Legislature adopts and commands one form of action to enforce statutory liabilities, the courts have no right to substitute another. No doubt, there may be cases where the question as to who may sue is one of remedy merely, and is determinable by the law of the forum—as where the question is whether an action shall be brought by an assignee in his own name or in the name of his assignor, and the like— but where, as in this case, it is a matter of right, and the provisions of the statute fix the liability and confer the right to sue, it is otherwise. In this instance the first provision fixes no right, but simply imposes a liability; the second imposes no liability, but confers the right to sue, designates the party to enforce the rght, and the parties entitled to the amount of the recovery, if any. Together they constitute a complete means to obtain redress for a wrong where none exists at common law. Again, how is this court to know that the plaintiffs are the only heirs of the deceased, and hence the only parties in interest? Is it not possible that other heirs might come to light who would not be precluded by a judgment in this suit, as it is now brought? So far as shown by the record, there has been no adjudication as to who the lawful heirs are, and surely the defendant has a right to have the cause tried and decided by a court having complete jurisdiction of the case, so that the judgment, when rendered, may be a complete bar to any subsequent suit for the same cause, whether by the same or other parties. It would, indeed, be a strange perversion of comity and justice for the courts of this State to entertain an action which might or might not preclude all the

beneficiaries from bringing another suit for the same cause, or which would render the defendant subject to as many separate recoveries as there might be parties, who would be entitled, under the same circumstances, to institute suits under the laws of the different forums.    Upon reflection, it seems to be a plain proposition that the statute of Wyoming, providing that "every such action shall be brought by and in the name of the personal representative of such deceased person," does not authorize the heirs to sue in their own names in the courts of this State upon a cause of action which arose in Wyoming. The Supreme Court of New York, in Wooden v. Railroad Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, where the same question arose and was determined, speaking through Mr. Justice Finch, said: "It is the cause of action created and arising in Pennsylvania which our tribunals vindicate upon principles of comity, and therefore must be prosecuted here in the name of the party to whom alone belongs the right of action; and that rule the courts of Pennsylvania enforce where the cause of action arises here by permitting it to be brought by the executor or administrator to whom by our law the right is given, although not by their own." So the Supreme Court of Pennsylvania, in Usher v. Railroad Co., 126 Pa. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863—a like case—held that: "The right of action to recover damages for injuries resulting in the death of the person injured being entirely statutory, the action must be brought in the name of the person to whom the right is given by the statutes of the State where the injuries are inflicted." Leonard v. Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25; Wilson v. Bumstead, 12 Neb. 1, N. W. 411. The cases cited in behalf of the appellants do not, upon close scrutiny, establish a different rule. We are of the opinion that the

24 Utah—31

court properly sustained the demurrer upon the ground here-inbefore mentioned.

The judgment is affirmed, with costs.

MINER, C. J., and BASKIN, J., concur.