Kapper, J.
Plaintiff, as executrix, etc., of her deceased husband, brought this action in the Supreme Court, Kings county, to recover damages for his death alleged to have been occasioned by the negligence of the defendant Gardiner. The accident occurred in the state of New Hampshire while Gar-diner, a resident of Kings county, N. Y., was touring in an automobile which is said to have struck and killed said deceased. Since the commencement of the action Gardiner died, and this motion is for an order to revive the action against Gardiner’s administrator, the effect of which would he to charge Gardiner’s estate with liability for Gardiner’s negligence. It is conceded that by the Public Statutes of New Hampshire (chap. 191, § 9) a right of reviver exists in that *245 state against the estate of a deceased defendant in an action of this character, and assuming that to be the law of New Hampshire, as averred in the affidavits both in support of and in opposition to this motion, the question here is whether such an action pending in our state survives the death of a defendant resident in this state. The cause of action set forth in the complaint is transitory in character, and exists not only in the state where it arose but wherever the defendant may be found, or, at least, the right to maintain it in this state is fixed. Can such an action having properly been brought be continued in this state after the death of the defendant where under our own law such an action abates, although had it been brought in the lex loci such a revivor would have been authorized. The leading case in this state is Hegerich v. Keddie, 99 N. Y. 258, where it was held that a cause of action for negligence resulting in death, given by statute to the representative of the decedent (Code Civ. Pro. § 1902), is abated by the death of the wrongdoer, and does not survive against the wrongdoer’s estate. The common law and statutory history of actions ex delicto is extensively discussed in the case cited and it is pointed out that except as modified by statute all actions ex delicto abate upon the death of either party. Such modifications are found in the Revised Statutes of 1828. 2 R. S. 447, 448, §§ 1, 2. Section 1, providing that the right to maintain the action against the wrongdoer and after his death against his executors or administrators by the person injured through wrong done to his property rights or interest is the same as though the action were founded upon contract, is limited by section 2 which provides, “ But the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery, or false imprisonment, nor to actions on *246 the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator.” These provisions of the Revised Statutes have been incorporated in section 120 of the Decedent Estate Law (Laws of 1909, chap. 18), which reads, “ For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death, against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall- not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the code of civil procedure; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death.” By subdivision 9 of section 3343 of the Code, to which reference is made in the Decedent Estate Law, supra, the definition is that a “ personal injury ” includes libel, slander, criminal conversation, seduction, and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another. From these statutes we -see an enumeration of the only instances in which the rigors of the common law have been modified with regard to the maintenance of actions ex delicto, with the single additional and important exception of the cases where death ensues as the result of the injury, and in such cases a right of action is given only to the representatives of the person whose death was occasioned by the injury. Code Civ. Pro. § 1902. The action authorized by section 1902 of the Code is not a derivative action; it is *247 not the same cause of action that existed in favor of the deceased in his lifetime and revived in favor of his next of kin, although the conditions specified by the statute upon which such an action may be maintained is the right of the injured person to maintain an action if death had not ensued. McKay v. Syracuse R. T. Co., 208 N. Y. 359, 363. The action under section 1902 (supra) is an entirely new, original and distinct cause of action created by statute and based upon the theory of an injury, not to the estate of the deceased, but to the estate of the beneficiaries of the deceased named in the statute. Kelliher v. N. Y. Central & H. R. R. R. Co., 212 N. Y. 207, 211; Hamilton v. Erie R. R. Co., 219 id. 343; Matter of Meng, 227 id. 264, 276. Speaking of the statutory right of action for causing death, the Court of Appeals in Hegerich v. Keddie, supra, 268, say: “ It will be observed also that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake, either expressly or impliedly, to impair the equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party. The plain implication from its language would, therefore, seem to be at war with the idea that the legislature intended to create a cause of action enforceable against, as well as by representatives. The cause of action thereby given is not to the estate of the deceased person, but to his or her representatives as trustees, not for purposes of general administration, but for the exclusive use of specified beneficiaries.” In Matter of Meekin v. Brooklyn Heights R. R. Co., 164 N. Y. 151, the court say: “ In Hegerich v. Keddie (99 N. Y. 258) it was held that the *248 cause of action for damages from negligence resulting in death abates upon the death of the wrongdoer, and that an action cannot be maintained against his .representatives. This is a necessary result from the fact that the Code modifies the Revised Statutes, and the common law only as to the personal representatives of the person injured, and not as to those of the person who inflicted the injury. ’ ’ While a foreign statute, not the law in this state, may give rise to an obligation which, if transitory, follows the person and may be enforced wherever the person may be found, and while it is not essential that to enforce such a right the foreign statute must be duplicated here or supported here by a similar statute, such a right will not be enforced if sound reasons of public policy make it unwise for us to lend our aid. Hence, the law of the forum is material when it sets a limit of policy beyond which such obligations will not be enforced there. See Loucks v. Standard Oil Co., 224 N. Y. 110. By the settled law of this state we are informed that section 1902 of the Code marks a departure from the common-law rule in favor of the next of kin of the deceased injured person in that it creates a new cause of action not known to the common law, but that with respect to the wrongdoer himself there has been no departure from the common law. The action for death may be brought against the wrongdoer himself, but it abates upon his death and may not be maintained against his personal representatives. In this respect there has been no modification of the common law. This, therefore, seems to be the declared public policy of our state, steadfastly maintained both by legislative enactment and judicial decision down to the present time. When we speak of the public policy of the state we mean the law of the state, whether found in the Constitution, the stat *249 utes or judicial records. People v. Hawkins, 157 N. Y. 1, 12. In a judicial sense, public policy does not mean simply sound policy, or good policy, but it means the policy of a state established for the public weal “ either by law, by courts or general consent.” Hollis v. Drew Theological Seminary, 95 N. Y. 171; Matter of Lampson, 33 App. Div. 51. In the Girard Will Case, 2 How. (U. S.) 127, Mr. Justice Story said: ‘ ‘ Nor are we at liberty to look at general considerations of the supposed public interests and policy of Pennsylvania upon this subject, beyond what its constitution and laws and judicial decisions make known to us. The question, what is the public policy of a state, and what is contrary to it, if inquired into beyond these limits, will be found to be one of great vagueness and uncertainty, and to involve discussions which scarcely come within the range of judicial duty and functions, and upon which men may, and will, complexionally differ.” Neither under our statutes nor our decided cases can the estate of the wrongdoer, in such a case as the one at bar, be depleted to the detriment of his heirs at law, next of kin and creditors. It does not seem to me that a declared public policy denying rights to a resident may be abrogated in favor of a non-resident who is seeking to substitute the policy of a foreign state in place of our own. The motion should be denied.
Motion denied.