JOSEPH H. HERBST, Appellant, *v.* DANIEL P. RITCHEY, Respondent.

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on October 19, 1926, denying plaintiff's motion to revive the action and to substitute as parties defendant May H. Ritchey and Bennett E. Siegelstein, as executors of the estate of the defendant, who died during the pendency thereof.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; McAvoy, J., dissents.

McAVOY, J. (dissenting). My view does not concur with the decision about to be made by the majority of the court and the reasons for my dissent follow. At Special Term a motion was denied for an order to revive this action by substituting as parties defendant the executors of the estate of the original defendant, who died during the pendency of the cause. The action as brought sought to recover from the former defendant, who had acted as a real estate broker without a license, the moneys paid to him as broker's commission on the sale of the real estate which was the subject of the bargain. The complaint as framed demanded four times the sum so received by the broker under section 442-f of the Real Property Law, as amended by the Laws of 1924, which besides making it a

misdemeanor for any person to act as a real estate broker without first obtaining a license, also provided for the recovery by the person aggrieved of any commission paid and such further sum up to four times that amount as the court might determine. The justice at Special Term first granted this motion upon condition that the plaintiff file a stipulation limiting his claim to the amount actually paid to the defendant now deceased. This stipulation was filed. Upon reargument the motion to revive was denied upon the ground that the action was one to recover a penalty and, therefore, did not survive the death of the person obligated to pay it. It is contended by plaintiff that the statute is not penal but remedial in effect, and that it was erroneous to refuse to revive the action for at least the amount of the loss occasioned by paying the defendant's testator the amount of the commissions to which he was not entitled as matter of law because he had no license. If the recovery provided by the statute is a penalty, the action abated with the defendant's death, but if the recovery constitutes damages for loss occasioned by the act of the testator it may be revived against the executors, although its origin is purely statutory and the remedy unique. The statute is as follows: Section 442-e, as amended by Laws of 1924:* " Actions for commission; license prerequisite. No person, copartnership or corporation shall bring or maintain an action in any court of this State for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." Section 442-f, likewise amended,† provides as follows: " Violations. Any person who violates any provision of this article shall be guilty of a misdemeanor. The commission of a single act prohibited by this article shall constitute a violation hereof. In case the offender shall have received any sum of money as commission, compensation or profit by or in consequence of his violation of any provision of this article, he shall also be liable to a penalty of not less than the amount of the sum of money received by him as such commission, compensation or profit and not more than four times the sum so received by him, as may be determined by the court, which penalty may be sued for and recovered, by any person aggrieved and for his use and benefit, in any court of competent jurisdiction. It shall be the duty of the court or judge, upon a conviction for a violation of any provision of this article, and within ten days thereafter, to make and file with the State Tax Commission a detailed report showing the date of such conviction, the name of the person convicted and the exact nature of the charge." Under the common law and under our statutes tort actions abate upon the death of either party when they involve solely injury to the person or property. Where in addition the act of the deceased tort feasor causing loss benefited the estate of the deceased they survive against executors. In *Hambly* v. *Trott* (Cowp. 372) Lord Mansfield said: " If it is a sort of injury by which the offender acquires no gain to himself at the expense of the sufferer, as beating or imprisoning a man, etc., then the person

* Added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579; since renum. § 442-d by Laws of 1926, chap. 831.— [Rep.

† Added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579; since renum. § 442-e by Laws of 1926, chap. 831.— [Rep.

injured has only a reparation for the *delictum* in damages to be assessed by a jury. But where, besides the crime, property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor.    *    *    * So far as the tort itself goes, an executor shall not be liable; and therefore it is, that all public and private crimes die with the offender, and the executor is not chargeable; but so far as the act of the offender is beneficial, his assets ought to be answerable: and his executor therefore shall be charged." This ruling was followed in our own State in the case of *Hegerich* v. *Keddie* (99 N. Y. 258). Section 120 of the Decedent Estate Law* makes all actions by executors and administrators for wrongs done to the property, rights or interests of their intestate or testator suable, and his estate is also liable for such wrongs as he commits against property, rights and interests, but so far as such wrongs have heretofore been remediable by actions on the case for injuries to the person of the plaintiff or to the person of the intestate or testator of any executor or administrator, they do not survive the death of the person to whom or by whom the wrong is done. It would seem, therefore, that the rule of abatement, even in tort actions, is limited to those torts which bring about damage to the injured and do not result in profit to the wrongdoer, which Lord MANSFIELD calls " private crimes," and there seems no reason for the abatement of an action for an injury resulting in profit to the wrongdoer. Wherever the situation does not make the recovery a punishment pure and simple, the act ought to be held to survive. While this statute characterizes the recovery of the commission or compensation received in violation of the provisions of article 12-A of the Real Property Law as a penalty, such a characterization is not conclusive as to whether or not an action survives. If the liability for payment is not imposed as an indemnity because it has no relation to the actual loss or injury sustained by the party in whose favor the action is given, it cannot survive because in that instance it would be a penalty both as to the offender and as to the sufferer. It is the common rule that the provision may be penal as to the offender and remedial as to the sufferer, and this may make a difference in determining whether or not the recovery is a penalty or an indemnity for loss. (See CARDOZO, J.'s, opinion in *Cox* v. *Lykes Bros.*, 237 N. Y. 376, 380.) The expression used by the statute is not controlling; the nature of the damages is. The recovery sought here is based on the amount paid by the person aggrieved to the unlicensed broker, which establishes a causal connection between the duty and the damages resulting from the failure to comply with such duty, which is a respected test for distinguishing between remedial and penal recoveries. The private wrong here is redressed by the statute, which is purely remedial, in so far as it allows for recovery of the precise amount paid to the unlicensed broker, and, therefore, so much at least survives under this doctrine. The act (Real Prop. Law, art. 12-A, § 442-f) provides that the party wronged may recover back not only what he paid, but any further sum up to four times the amount thereof, in the discretion of the court, as damages. As to the additional sum to be awarded by the court in its discretion as damages, while this may be considered penal, yet there is no inconsistency in holding that, so far as the actual amount paid is concerned, the act is remedial and the cause survives, since the plaintiff is only recovering that which he has lost through paying a commission

* Added by Laws of 1909, chap. 240.— [REP.

to one who under the law was not entitled to it. I think, therefore, the motion should have been granted upon stipulating to limit the recovery to the sum actually paid for commission. Upon such stipulation being filed, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to revive granted, with ten dollars costs.