Mary I. Hoxsie  
    vs.     } Law No. 55085  
James King

October 29, 1927

TANNER, P. J. This is an action for death by wrongful act and the person sued as wrongdoer died after the suit was brought. The case is now heard upon a motion to dismiss on the ground that the cause of action does not survive and that the statute of limitations runs in favor of the executor of the defendant, because more than two years has elapsed since the first publication of the appointment of the executor of the defendant.

We think the motion should be granted on the ground that the action does not

survive the death of the defendant who was sued as wrongdoer.

In *McFadden* vs. *Rankin*, 46 R. I. 475, and *Carrigan* vs. *Cole*, 35 R. I. 162, it was decided that an action for death by wrongful act could not be brought after the death of the wrongdoer against his personal representative. The same applies to an action already pending against the wrongdoer at the time of his decease. Both the action and the cause of action cease to survive.

5th Ency. Pl. & Pr., page 890 (3);  
5th Ency. Pl. & Pr., page 827 (a);  
*Hegerich* vs. *Keddie*, 99 N. Y. 258;  
*Moriarty* vs. *Bartlett*, 99 N. Y. 651;  
17 C. J., page 1233, note 54.

We cannot grant the motion upon the second ground that the executor was not seasonably summoned in. The allegation of defendant's counsel that the notice of the pending suit was not duly filed in the Probate Court according to law does not appear in evidence before us or upon the record. The statement of defendant's counsel that suit was not brought within two years after publication of notice of the appointment of the executor of the defendant does not appear in evidence or upon the record.

For plaintiff: Quinn & McKiernan.

For defendant: Felix Hebert.